BALKE *et al.* v. BAILEY *et al.*

1. **Highway:** RESURVEY. Where a road was duly surveyed in 1852, and all the necessary and proper steps were taken for its establishment, but the clerk failed to file the field notes and plat, and no entry can be found declaring the establishment of the road, the board of supervisors has power, under the statute (Rev., 1860, § 913), to order a new survey. But if there never were any proceedings there would be nothing upon which to base such an application.

*Appeal from Clayton District Court.*

TUESDAY, FEBRUARY 6.

THIS was an application to the defendants, the supervisors of the county, for the resurvey of a road, under section 913 of the Revision. It was resisted by the appellants. The resurvey was ordered, and the report of the commissioner approved. Plaintiffs transferred the proceedings to the District Court by *certiorari*, where the like order was made and they appeal.

*Odell & Woodward* for the appellants.

*Milo McGlathery* for the appellees.

WRIGHT, J.— The writ of *certiorari* commands the tribunal to which it is directed to certify fully a transcript of its records and proceedings, as well as the facts in the case. Rev., § 3487. This was done in this instance, and the only question is, whether, upon this record and facts, the supervisors had authority to order the resurvey of this road. The law is, that such resurvey may be ordered where there has been a loss or destruction of the field notes of the original survey ; in cases of a defective survey or record, or in cases of such numerous alterations of a public highway since the original survey that its location cannot, by the papers on file in the proper office, be accurately defined.

1. HIGH-
WAY : resur-
vey.

The petition filed in 1865, shows that this road was properly and legally established in 1852, and has ever since been opened, used and worked as a public highway ; that all the field notes and necessary papers were properly filed, all of which have been lost, and that it is impossible from the records to define said road.

The proceedings and facts certified, are not very intelligible or perspicuous. This results from the fact that the record refers to transactions and proceedings or matters of testimony introduced on the hearing, generally by names, numbers and the like, which while well enough understood by the tribunal having original cognizance of the matter, cannot be fully seen and understood by us. There is, however, one point, and really the main and decisive one, which does arise, and that is this. Suppose the road was duly surveyed in 1852 ; suppose all the necessary and proper steps were taken for its establishment, but the clerk failed to record the field notes and plat, and no entry can be found declaring the establishment of the road, has the supervisors the power under the statute (§ 913) to order a resurvey ? It seems to us they have.

In view of the manner in which these records are kept

in too many instances, and the object and policy of the statute, we think it should receive a liberal and not a strict construction. And especially is this so, when it becomes necessary to accurately define a road which has been used and worked for over twelve years. Now the power to grant a resurvey, in case of the loss of the field notes of the original survey, implies either a failure of the clerk to record the same, or a loss of the copy thus made. For if this should be in existence, there would be no necessity for a resurvey. So, when the statute speaks of a "defective survey or record," it does not mean alone and simply a record which is so uncertain and defective that the exact line of the road cannot be accurately traced and defined; but also a record which, by the loss of some of its parts or the destruction of others, or because of the failure of some officer to make the proper copies and preserve the proper papers, is so defective that, for the interest of the public, and the proper and due protection of private rights, a resurvey is deemed proper and necessary. Of course if there never was any proceedings, then, as there would be no record to be defective, there would be nothing upon which to base an application for a resurvey. But such is not the case before us. The most that can be claimed is, that no order could be found establishing the road. And this we hold does not defeat the power to order the resurvey, and so holding, the action of the District Court, in rejecting from the certificate of facts as returned in answer to the writ, a certain certificate of the clerk, need not be considered by us, for in no event could it change the result.

                                                        Affirmed.